UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FAIR HAVEN DEVELOPMENT CORPORATION | : | |
| | : | |
| VS. | : | NO. 3:02CV2130(AWT) |
| | : | |
| JOHN DeSTEFANO, | : | |
| JULIO GONZALEZ, | : | |
| ANDREW J. RIZZO, JR. and | : | |
| CITY OF NEW HAVEN | : | JANUARY 22, 2006 |

### PLAINTIFF'S TRIAL MEMORANDUM

**(1)    TRIAL COUNSEL**

John R. Williams
Katrena Engstrom
Joseph M. Merly
Rob Serafinowicz
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

**(2)    JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3)

and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United

States Code.

**(3)     JURY-NONJURY**

This is a jury case.

**(4)     NATURE OF CASE**

This is an action pursuant to 42 U.S.C. § 1983 alleging denial of equal

protection of the laws, deprivation of property without procedural or substantive due

process of law and First Amendment retaliation.  The plaintiff is a nonprofit housing

corporation.

**(5)     STIPULATIONS OF FACT AND LAW**

1.  The defendant John DeStefano is, and at all relevant times was, the

Mayor of New Haven.

2.  The defendant Julio Gonzalez was the Executive Assistant to the Mayor of

New Haven

3.  The defendant Andrew J. Rizzo, Jr., is, and at all relevant times was,

the Executive Director of the Livable City Initiative of the City of New Haven.

4.  At all relevant times, the defendants were acting under color of law.

**(6)    PLAINTIFF'S CONTENTIONS**

1.  The plaintiff is a Connecticut nonprofit corporation engaged in the rehabilitation of urban housing stock for the creation of affordable housing in the Fair Haven section of the City of New Haven.

2.  The defendant John DeStefano is the Mayor of the City of New Haven; the defendant Julio Gonzalez is the Executive Assistant to the Mayor of New Haven; the defendant Andrew J. Rizzo, Jr., is the Interim Executive Director of the Livable City Initiative of the City of New Haven; and the City of New Haven is a municipal corporation in the State of Connecticut.  The defendants DeStefano, Gonzalez and Rizzo are sued only in their individual capacities.

3.  The defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of New Haven.

4.  The defendants acted jointly and in concert with each other.  Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.

5.  The defendant City of New Haven acted through its highest policy-setting officials for the matters herein described, and as such the actions of such officials constituted the policy of the City.

6.  Prior to the events hereinafter described, the City of New Haven, acting through its Board of Aldermen, adopted and approved Recommendations for the Consolidated Housing and Community Development Action Plan for Fiscal Year 2002-2003 which had been submitted to it previously by the defendant DeStefano in his official capacity as Mayor of New Haven.  The said action by the City of New Haven provided that $95,000 would be paid to the plaintiff to acquire, renovate and sell to owner-occupants properties located at 135, 139, 142, 153, 154, 166, 182 and 221 Lloyd Street; 260 and 271 James Street; and 168 and 172 Wolcott Street in the City of New Haven.

7.  By virtue of the said action of the defendant City of New Haven, the plaintiff acquired a property interest in the said funds.

8.  The aforesaid Recommendations for the Consolidated Housing and Community Development Action Plan for Fiscal Year 2002-2003 also awarded funds to numerous other organizations.

9.  The defendants, acting jointly and in conspiracy with each other, have refused to release the aforesaid funds to the plaintiff and are retaining said funds.

10.  As a result, the plaintiff has sustained and, unless the defendants are ordered to release the said funds, will in the future sustain, substantial economic losses.

11.  The defendants have never provided the plaintiff with any explanation for

4

their actions, have never afforded the plaintiff an opportunity to contest the

withholding of the plaintiff's funds, and have never afforded the plaintiff any

opportunity to be heard respecting the said withholding.

12.  The other entities awarded funds by the aforesaid actions of the City of

New Haven have received and/or are receiving their said funds.

### (7) DEFENDANTS' CONTENTIONS
Defendants deny liability.

### (8)    LEGAL ISSUES

Whether the individual defendants are entitled to the benefit of the affirmative

defense of qualified immunity.

### (9)    VOIR DIRE QUESTIONS

1.  This is a lawsuit for an alleged denial of constitutional rights, by a city and

its officials, to a nonprofit corporation.  Is there any reason why you would have

difficulty being completely neutral and fair in deciding this case if you are chosen to

serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a

case of this kind?

3.  Does anyone here feel for any reason that citizens or organizations who

believe that they have been treated illegally and unfairly should not bring suit against

those they believe to be responsible?  If so, please explain.

4.  Have you or has anyone close to you ever been the victim of discrimination?

5.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

6.  Has anyone here ever served as an appointed or elected official of state, city or local Government?

7.  Has anyone here or anyone close to you ever been involved in any political campaigns or elections?  If so, please provide details.

8.  Has anyone here or anyone close to you ever been employed by an attorney?

9.  Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

10.  Have you, or has anyone close to you, ever been a party to a lawsuit?  If so, please explain.

11.  Where are you employed?

12.  If you are married, where is your spouse employed?

**(10)   LIST OF WITNESSES**

**For the Plaintiff:**

1.  Harvey Edelstein

2.  James Welter

3.  Menen Osorio-Fuentes

4.  John DeStefano

5.  Andrew Rizzo

6.  Raul Avila

7.  Elba Franklin

**(11)   EXHIBITS**

**For the Plaintiff:**

1.  New Haven land records

2.  Letter from Welter to Winters dated August 21, 2000

3.  IRS letter dated November 14, 2000

4.  Non-Collusion Affidavit dated July 21, 2001

5.  Letter from Welter to Dipollina dated July 25, 2001

6.  Letter from Welter to Dipollina dated July 25, 2001

7.  City of New Haven Surplus Property Sale

8.  Letter from Edelstein, Welter and Nasti to Winters dated December 12, 2001.

9.  Letter from Edelstein to Winters dated December 14, 2001

10.  Letter from Winters to Edelstein dated December 18, 2001

11.  Memo from Edelstein to Fair Haven Community Management Team dated January 3, 2002

12.  Letter from Edelstein to Winters dated January 9, 2002, with attachments

13.  Letter from Clarke to Edelstein dated January 16, 2002

14.  Letter from Edelstein to Clarke dated January 16, 2002

15.  Letter from Edelstein to Clarke dated January 18, 2002

16.  Fax from Clarke to Edelstein dated February 4, 2002

17.  Letter from Edelstein to Clarke dated February 4, 2002

18.  Letter from Edelstein to Clarke dated February 5, 2002, with attachments

19.  Letter from Edelstein to Clarke dated March 14, 2002

20.  Letter from Edelstein to Rizzo dated April 4, 2002

21.  Memo from Edelstein to Rizzo dated April 4, 2002

22.  Letter from Edelstein to Clarke dated April 10, 2002

23.  Letter from Edelstein to Rizzo dated April 15, 2002

24.  Letter from Rizzo to Edelstein dated April 20, 2002

25.  Letter from Rizzo to Edelstein dated April 22, 2002

26.  Memo from Edelstein to Rizzo, Avila and Diaz dated May 1, 2002

27. Letter from Edelstein to Rizzo dated May 3, 2002

28. Memo from Rizzo to Board of Aldermen dated May 6, 2002

29. Memorandum from Edelstein and Welter to Rizzo dated May 13, 2002

30. Letter from Torneo to Welter dated May 13, 2002

31. Letter from Edelstein and Welter to Torneo dated May 15, 2002

32. Letter from Edelstein and Welter to Torneo dated May 15, 2002, with attachments

33. Fax from Welter to Rizzo dated May 16, 2002

34. Letter from Edelstein to Ude dated June 13, 2002, with attachments

35. Letter from Welter to Rizzo dated July 16, 2002, with attachments

36. Letter from Rizzo to Welter dated July 18, 2002

37. Letter from Welter to Rizzo dated July 23, 2002

38. Letter from Welter to Dipollina dated August 1, 2002

39. Letter from Weil to Welter dated August 5, 2002

40. Letter from Welter to Rizzo dated August 5, 2002, with attachments

41. Fax from Welter to Rizzo dated August 17, 2002

42. Letter from Welter to Rizzo dated August 8, 2002, with attachments

43. Letter from Dipollina to Welter dated August 8, 2002

44. Letter from Welter to Rizzo dated August 9, 2002

45. Letter from Welter to Dipollina dated August 9, 2002

46.  Letter from Welter to Rizzo dated August 15, 2002

47.  Letter from Clarke to Welter dated August 19, 2002

48.  Letter from Welter to Wnek dated August 19, 2002

49.  Letter from Welter to Clarke dated August 20, 2002

50.  Memo from Rizzo to Welter dated August 22, 2002

51.  Letter from Ward to Welter dated September 3, 2002

52.  Letter from Edelstein to Rizzo dated September 19, 2002

53.  Letter from Avila to Rizzo dated September 19, 2002

54.  Letter from Rizzo to Kroogman dated February 10, 2003, with attachments

**(12)   DEPOSITION TESTIMONY**

**For the Plaintiff:**

1.  Edelstein deposition dated March 17, 2005

2.  Welter deposition dated June 16, 2005

3.  DeStefano deposition dated April 7, 2003

**(13)   REQUESTS FOR JURY INSTRUCTIONS**

**On Behalf of the Plaintiff**

1.  The plaintiff has brought this lawsuit to obtain redress for what it contends were violations of its rights under the United States Constitution, specifically its

10

rights to due process of law, freedom of speech and association, and equal protection of the laws.  Federal law provides that any individual or, as in this case, corporate entity, may seek redress in this Court, by way of money damages, against any municipality, person or persons who, under color of State law, deprive that individual or entity of any of his or its constitutional rights.  In this case, the parties have stipulated that the defendants acted under color of state law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2.  It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of its civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendants intended the actions which resulted in the violation of the plaintiff's rights or if the defendants acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

3. One issue in this case is whether the defendants violated the plaintiff's right to equal protection of the laws under the federal constitution. The equal protection clause of the fourteenth amendment requires that all persons similarly situated must be treated alike by the government and by government officials. Selective or different enforcement of otherwise constitutional laws on the basis of unreasonable or prohibited distinctions violates the right to equal protection if that selective or different enforcement is intentional and without any rational basis, or if it is based on unlawful distinctions such as race or religion, an intent to inhibit or punish the exercise of constitutional rights like the right to free speech, or merely on a malicious or bad faith desire to injure a particular person. If you find that any defendant subjected the plaintiff to different or selective enforcement or application of the law, and if you further find that different or selective enforcement was intentional and irrational, or if you find that it was based on the plaintiff's exercise of a protected right, or on malice or bad faith, then you must return a verdict in favor of the plaintiff on its equal protection claim. [Village of Willowbrook v. Olech, 528 U.S. 562 (2000); LeClaire v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980); Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996); LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587 (2d Cir. 1994); Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1352 (2d Cir. 1994); FSK Drug Corp. v. Perales, 960 F.2d 6, 10 (2d Cir. 1992).]

4.  Another issue in this case is whether the defendants deprived the plaintiff of a property right in a way that violated the plaintiff's right to substantive due process of law.  When a citizen or a corporation alleges that a government official or governmental entity has violated its right to substantive due process of law, it must prove two things: *First*, that it had a property interest or right and, *Second*, that the defendant or defendants infringed upon that interest or right in a manner which was so arbitrary and capricious as to be irrational. [Harrington v. Harris, 118 F.3d 359, 368 (5th Cir. 1997)] In this case, I instruct you that the plaintiff did have a property interest.  Therefore, the only issue which you must determine is whether the defendants acted in a manner which was so arbitrary and capricious as to be irrational.  Put another way, the plaintiff is entitled to a verdict in its favor in this case if you find that the defendants, in failing or refusing to turn over allocated funds to the plaintiff, acted in a manner which was so outrageously arbitrary as to be a gross abuse of governmental authority. [Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999); Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12, 17 (2d Cir. 1999)]

5.  (a)  The plaintiff alleges that the defendants withheld its allocated funds to retaliate against and punish a member of its Board, then-Alderman Avila, for his exercise of his First Amendment right of free speech.  To prevail on a claim such as this, the plaintiff must first establish what is called a prima facie case.  To establish a

13

prima facie case of retaliation the plaintiff must show by a preponderance of the evidence (1) that a member of its Board was engaged in protected speech under the First Amendment, (2) that one or more of the defendants were aware of the member's protected speech, (3) that the defendant took retaliatory action against the plaintiff based on such protected speech and (4) a causal connection between the member's protected speech and the retaliatory action.

(b)  To establish the first element of his prima facie case the plaintiff must establish that Alderman Avila's acts of speech were protected by the Free Speech Clause of the First Amendment.  This question is a question of law, and is not a question for you to consider.  I instruct you that Mr. Avila's speech in this case is protected speech.

(c)  To satisfy the second element of its prima facie case the plaintiff must demonstrate that the defendants who took any of the retaliatory actions were aware of Alderman Avila's exercise of protected speech.

(d)  The third element of the plaintiff's prima facie case of retaliation is that the defendants took action against it in retaliation for Alderman Avila's protected speech.

(e)  As to the fourth element, causation, the plaintiff must establish that Alderman Avila's exercise of protected speech was a substantial or motivating factor in the defendants' action.  That is, that the Alderman's protected speech played a

substantial or motivating part in the defendants' retaliatory action.  The plaintiff may establish causation in several ways.  One way is to show temporal proximity between the protected speech and the retaliatory action.  Another way is to show direct evidence of retaliatory animus.  The defendant may have taken the alleged action for one sole reason.  If that one sole reason was that Alderman Avila engaged in free speech, then you must find that the protected speech was a substantial or motivating factor in the defendants' actions.  The defendant may have taken action for many different reasons.  If so, then you must determine whether one of those reasons was the Alderman's speech.  If it was one of those reasons, then you must determine whether it was a substantial or motivating factor in the retaliatory action against the plaintiff.  If it did play a substantial or motivating part, then you must find that protected speech was a substantial or motivating factor in the defendants' action.  If you find that the plaintiff established all four elements of the prima facie case then it has proven an inference of retaliation.  You must then consider whether the defendants have demonstrated that a legitimate lawful reason existed for their actions.

(f)  The defendants present an adequate defense to the plaintiff's case if they show, by a preponderance of the evidence, that they would have taken the same adverse employment action even in the absence of the protected speech.  In other words, the defendants must show by a preponderance of the evidence that the

same action would have been taken without considering the protected speech. If the defendants show by a preponderance of the evidence that the same action would have been taken without considering the protected speech, then you must find in favor of the defendants. The defendants do not establish an adequate defense merely by showing that they had other, valid reasons for taking action against the plaintiff. It is a defense only if the defendants establish that they would have acted on those other reasons in the absence of Alderman Avila's protected speech. Therefore, if the defendants offer other, valid reasons for taking action against the plaintiff, the defendants must further show that they would have acted on those reasons. Otherwise, the defendants have not presented an adequate defense. If you find that the defendants have demonstrated a legitimate, nondiscriminatory reason or reasons for their action, then you must consider whether the plaintiff has proven that the defendants' articulated reason or reasons were a mere pretext.

(g) The plaintiff must prove, through either direct or indirect evidence, that the defendants' articulated reason was not the true reason for their actions but is only a pretext or excuse for taking the alleged retaliatory action against the plaintiff and that the defendants' action was prompted by the plaintiff's protected speech. The plaintiff can prove that the defendants' stated reason for their action is a pretext by persuading you that their reason or reasons are just not believable.

16

However, it is not enough for the plaintiff simply to prove that the defendants' stated reason for their actions was not the true reason. Even if you decide that the defendants did not truly rely on the stated reason or reasons for their actions, you cannot decide in the plaintiff's favor without evidence that the defendants relied instead on the plaintiff's protected speech. In other words, the defendants may not be held liable if you find that they would have taken the same actions based on a legitimate reason alone. [**AUTHORITY**: Nevas, J., in <u>Salma Ikram v. Waterbury Board of Education, et al.</u>, No. 3:95C02478(AHN), February 18, 1997.]

6. If you find that a defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually lost or spent or debts incurred as a result of the injury. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendants. Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent

that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    7.  You may also decide whether the plaintiff is entitled to the award of any punitive damages against any of the three individual defendants.  In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    1)  Willful or malicious violation of the constitutional rights of the plaintiff;

    2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3)  Reckless disregard by the defendant of whether or not he was violating

18

the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

      8.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.  In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case.  [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

      9.  When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a

joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, <u>Law of Torts</u>, Section 46, pp. 291-95 (4th Ed. 1971); <u>Gagnon v. Ball</u>, 696 F.2d 17 (2d Cir. 1982).]

 **(14)   ANTICIPATED EVIDENTIARY PROBLEMS**

   None.

**(15)   PROPOSED FINDINGS AND CONCLUSIONS**

   Not applicable.

**(16)   TRIAL TIME**

   Two to four days.

**(17)    FURTHER PROCEEDINGS**

None.

**(18)    ELECTION FOR TRIAL BY MAGISTRATE**

Not applicable.

THE PLAINTIFF

BY:_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        TELEPHONE:  203.562.9931
        FAX:  203.776.9494
        E-MAIL:  jrw@johnrwilliams.com
        Its Attorney

**CERTIFICATION OF SERVICE**

On the date above stated, a copy hereof was mailed to Michael A. Wolak, III, Esq., Assistant Corporation Counsel, and Rodger W. Lehr, Jr., Deputy Corporation Counsel, City Hall, 165 Church Street, New Haven, CT 06510.

_____
JOHN R. WILLIAMS

21