UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FAIR HAVEN DEVELOPMENT          :
CORPORATION

VS.                             :  NO. 3:02CV2130 (AWT)

JOHN DeSTEFANO, ET AL.          : APRIL 9, 2007


**PLAINTIFF'S RULE 56(a)(2) STATEMENT OF
MATERIAL FACTS IN DISPUTE**


A.   **Plaintiff's Response to Defendants' Rule 56(a)(1) Stateement**

1.   Agree.

2.   Agree.

3.   Agree.

4.   Agree that the plaintiff had entered into such a contract with the City from 1995-2001.

5.   Agree.

6.   Agree.

7.   Plaintiff lacks sufficient information to agree or disagree.

8.   Plaintiff lacks sufficient information to agree or disagree.

9.   Agree.

10.  Agree.

11.  Disagree. Please see Ex. 5 and Defendant's Ex. 1c, communications from Harvey Edelstein on July 18 and July 22, 2002 to defendant Rizzo.

12. Agree.

13. Agree in part, disagree in part. Agree that a special audit was commissioned by the defendants, disagree that there was a reasonable purpose for the audit. (Ex. 5, Ex. 7, Audits provided 10/02 by plaintiff to defendants, Ex. 12, Testimony of defendant Andrew Rizzo, 03-048003, FHDC v. City of New Haven, 10/4/05, pps.1- 2,19-22, 73-75)

14. Agree that Berry sent a letter to the plaintiff.

15. Objection. This is a conclusion without factual basis.

16. Agree.

17. Agree.

18. Disagree. Plaintiff supplied information and referred defendants to voluminous records on file with the City of New Haven pertaining to their requests. (Ex. 1, ¶15, Ex. 5, Ex. 7)

19. Plaintiff lacks sufficient information to agree or disagree.

20. Disagree. The plaintiff declined to provide records for the audit pertaining to July 1, 2002 - 12/02, because the audit was aimed at prior fiscal years, when FHDC had actually received funds from the defendants. (Def. Ex. 2(d)[e])

21. Agree.

22. Agree. Plaintiffs had permitted a sister organization, referred to in their 2002-2003 grant, to use plaintiff's telephone. FLECHAS was billed for $300 and the money was reimbursed to the City of New Haven. (Def. Ex. 3a, Ex. 10)

23. Agree.

24. Disagree. The plaintiffs would not have received funding by the City in April, 2002 if this was the case, and the letter sent to FHDC from

        defendant De Stefano's office set forth a conservative goal "to develop 2 to 3 units of housing at 258-260 Grand Ave. (Def. Ex. 3a)

25. Agree in part, disagree in part. Defendant Rizzo made this recommendation; disagree that the investigation was neutral and objective; it was part of defendant DeStefano's political agenda.(Ex. 1, ¶17, 21)

26. Agree that defendant Rizzo's report contained these statements.

27. Disagree. (Ex. 1, Avila affidavit)

28. Agree in part, disagree in part. The Board has a ministerial function which was exercised on 3/15/04, which revokes funds which were allocated but not spent by the City during the previous year and this was the general action taken by the Board on that date. (Ex. 1, ¶24, Ex. 11)

**B. Plaintiff's Statement of Material Facts in Dispute**

1. In early 2002, defendant De Stefano proposed a $95,000 CDBG grant to the plaintiff and it was approved by the New Haven Board of Aldermen as part of the Housing and Development Action Plan for 2002-2003. (Def. Ex. 3a, May, 2002, Letter from defendant De Stefano to FHDC, Ex. 11)

2. In 2001, FHDC had submitted a bid for several parcels on Ferry Street in Fair Haven in order to build multi-family homes; the concept was family owned neighborhood development. (Ex. 1, Avila affidavit, ¶ 7)

3. The defendants retaliated against FHDC and de-funded the CDBG grant made to FHDC because one of its Advisory Board members, Raul Avila, also a City Alderman, representing his constituents, strongly opposed using the Ferry St. Site for a rental apartment complex in his ward. The property was sold by the City to Mutual Housing Association for that purpose in July, 2002.

        (Ex. 1, Avila affidavit, ¶¶s7-11, Ex. 9, Testimony of Harvey Edelstein, Exec. Dir. FHDC, FHDC V. City of New Haven, 03-048003, 10/7/05 pps. 102-105)

4. Robin Kroogman, Chairperson of the Community Development Committee, and a political ally of defendant De Stefano, requested an investigation of FHDC after she and Raul Avila had a dispute at a committee meeting on May 9, 2002. Avila, who opposed the Mutual Housing proposal for Ferry St., which was on the agenda that evening, refused to serve as an interpreter for a Mutual Housing representative at the meeting; Kroogman attempted, unsuccessfully, to eject him from the meeting. (Def. Ex. 1a, Ex. 1, Affidavit of Avila,¶¶s10-12, Transcript, FHDC V. City of New Haven, 03-048003, 10/7/05, Avila, pps. 113-116)

5. After the May 9, 2002 Community Development Committee meeting, defendant Rizzo's attitude toward FHDC changed drastically; prior to May 9, he had generally been supportive, but after the hearing on the Ferry St. Property, he opposed the plaintiff's efforts to proceed with its rehabilitation projects. (Ex. 9, Testimony of Harvey Edelstein, FHDC v. City of New Haven, 03-048003, 10/7/05, pps. 83, 100-106, Ex. 8, Summary- FHDC projects pending as of 2/03)

6. Within a two week period in June, 2002, defendant Rizzo first issued a FHDC building permit to the plaintiff to begin rehabilitation of a property at 271 James St., and then revoked it, in reprisal for Raul Avila's opposition to the Mutual Housing Association project on Ferry St. (Ex. 6)

7. After the defendants launched their "investigation" in June, 2002, FHDC cooperated fully with defendant Rizzo's requests for information about the plaintiff's use of CDBG funds. After receiving a letter from defendant Rizzo on September 27, 2002, (Ex. 1d) plaintiff responded timely (Def. Ex. 1f) (Ex. 5, 7/18/02 letter, Edelstein to Rizzo)

8. In September, 2002, the defendants requested plaintiff's annual audit for fiscal years ending June 2001 and June, 2002 , and they were provided to defendants on October, 30, 2002. (Ex. 7, Audits sent to LCI)

9. Plaintiff responded to defendants' concerns about telephone charges in October, 2002; the charges in question amounted to approximately $300. (Def. Ex. 1f, attachments, Ex. 10)

10. Telephone service was included in CDBG grants routinely; the issue raised by defendant Rizzo and Kevin Berry about approximately $300 of improper charges was not a sufficient reason to suspend the plaintiff's 2002-03 funding. (Ex. 4)

11. The defendants unreasonably and arbitrarily concluded in February, 2003 that plaintiffs had not met the requirements to receive their CDBG funding for the 2002-2003 fiscal year. (Ex. 1, Ex. 7, Ex. 8)

12. At the time the defendants took action against the plaintiffs, FHDC had a commitment from Citizen's Bank supporting their projects and had met the due diligence requirements of the lender. (Ex. 2)

13. Although the defendants revoked the 2002-03 CDBG grant, the plaintiff was subsequently able to obtain funding from financial institutions such as People's Bank and the Federal Home Loan Bank of Boston for their projects; those entities were satisfied with the financial information provided to them by the plaintiff. (Ex. 3)

14. The defendants' decision to de-fund the CBDG grant for 2002-3 crippled the plaintiff's ability to swiftly turn around dilapidated housing in the Fair Haven district of New Haven and promote home ownership in the neighborhood. (Ex. 1, §18, Ex. 9, pps. 99-100,

      Ex. 14, James Welter testimony, FHDC v. City of New Haven, 03-048003, 10/7/05, pps. 33)

15. No other organization receiving funding through the CBDG program was subjected to this type of scrutiny in 2002 and revocation of a grant; the program cited by defendant Rizzo concerned a $35,000 grant for day care services, which was suspended <u>after</u> the state revoked the organization's license to provide day care; no state or federal agency ever sanctioned or took any adverse action against the plaintiff. (Def. Ex. 2e)

      THE PLAINTIFF
      Fair Haven Development Corporation


      _____/s/_____
      Katrena Engstrom
      Fed. Bar No. ct09444
      John R. Williams and Associates, LLC
      51 Elm St.
      New Haven, CT 06510
      (203)562-9931
      Fax: 776-9494
      Kengstrom@johnrwilliams.com


<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on the date set forth above, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

      ____/s/_____
      Katrena Engstrom