UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FAIR HAVEN DEVELOPMENT CORPORATION<br>Plaintiff | : | NO. 3:02CV02130 (AWT) |
| V. | : | |
| JOHN DESTEFANO, ET AL.<br>Defendants | : | MARCH 5, 2007 |

### DEFENDANT'S LOCAL RULE 56(a)1 STATEMENT

Pursuant to Rule 56(a) 1 of the Local R. Civ. Proc., the defendant submits this statement of undisputed material facts in support of their motion for summary judgment on the plaintiff's complaint.

1. The plaintiff, Fair Haven Development Corporation (FDHC) is a non profit corporation engaged in the rehabilitation of urban housing stock in the City of New Haven (Plaintiff's Complaint dated December 3, 2002).

2. The plaintiff applied for Community and Development Block Grant Funding from the City of New Haven for Fiscal Years 2002-2003 and the Board of Alderman approved said funding. (Plaintiff's Complaint dated December 3, 2002, Paragraph 8).

3. The City of New Haven is authorized by the U.S. Department of Housing and Urban Development to effectively and efficiently administer Federal Programs and to monitor and evaluate sub-recipients of federal Community Development Programs including the Community Development Block Grants. (Rizzo Aff. Ex. 1, ¶8).

4. CDBG recipients, including FHDC, were and are informed that the receipt of CDBG funds was conditioned on FHDC entering into a valid contract for those funds. (Smith Aff., Ex. 3¶¶6 &7, and Ex 3a).

5. FHDC did not enter into a contract for the funds allocated to FHDC from the Community and Development Block Grant for fiscal year 2002-2003. (Rizzo Aff., Ex.1, at ¶ 25).

6. A memorandum dated May 31, 2002 was sent to all CDBG recipients, including FHDC, setting forth the City's position as to its diligence in monitoring the programs with suspension of funding as a sanction. (Smith Aff., Ex 3, ¶7 & Ex. 3b).

7. In May of 2002, Andrew Rizzo, who was then the interim Director of the Livable City Initiative ("LCI"), received a verbal request from Alderpersons Robin Kroogman, Edward Mattison and Juan Candelaria to investigate FHDC. (Rizzo Aff., Ex.1, ¶4).

8. In June of 2002, Rizzo and Thomas Ude of the Office of Corporation Counsel for the City of New Haven met with Harvey Edelstein and James Welter, FHDC's agents, to discuss Rizzo's investigation of FHDC. (Rizzo Aff., Ex.1, ¶6).

9. On June 5, 2002, Rizzo receive a written request from Alderwoman Robin I. Kroogman to investigate a list of issues concerning Fair Haven Development Corporation, including projects that had been funded, the persons from whom, or to whom, FHDC had bought or sold property. (Rizzo Aff., Ex. 1, ¶7 & Ex. 1a).

10. On or about June 26, 2002, Andrew Rizzo sent a letter to Harvey Edelstein, the CEO and Director of Operations for the plaintiff acknowledging his offer of assistance in completing the City's evaluation/investigation of FDHC and requested information regarding issues raised in the investigation. (Rizzo Aff., ¶9 & Ex. 1b).

11. FHDC sent Rizzo a reply letter dated July 22, 2002 that Rizzo determined was non-responsive in several aspects. (Rizzo Aff., Ex. 1, ¶10 & Ex. 1c).

12. Rizzo sent a second letter dated September 27, 2002 to Harvey Edelstein, the CEO and Director of Operations for the plaintiff requesting further information regarding certain questions and issues regarding expenditures, transfers of property, etc. relevant to the ongoing investigation. (Rizzo Aff., Ex. 1, ¶11 & Ex. 1d)

13. To further facilitate this investigation on September 27, 2002, LCI requested an audit of FHDC by the City of New Haven Controller's office to determine the extent of the plaintiff's compliance with City housing initiative objectives, the appropriate use by the plaintiff of City funding, and their meeting obligations under the contract with the City and HUD rules. . (Rizzo Aff., Ex. 1, ¶12 & Ex. 1e).

14. On March 7, 2002, prior to the aforementioned audit request, the Controller's office sent a letter to FHDC due to FHDC's failure to comply with the external audit requirement of the agreement for CDBG funds for the Fiscal Year 2001-2002. This non–compliance with the agreement could have made FHDC ineligible for future funding. (Berry Aff., Ex. 2, ¶5 & Ex. 2a)

15. A monitoring of the expenditures of FHDC was also performed for the period of July 1, 2001 – December 2001 and it was determined that the plaintiff was over budget and had used funds for uses other than those intended by the management work plan contained in the agreement with the city. (Berry Aff., Ex. 2, ¶7)

16. Pursuant to the request of Rizzo, an audit was conducted by the Controller's Office for the City of New Haven (Berry Aff. Ex. 2, ¶8)

17. The City requested information from the plaintiff in regard to its financial records from January 1, 2002 to December 31, 2002. (Berry Aff., Ex. 2, ¶12).

18. Although the plaintiff agreed to provide the information, it subsequently would not provide the information. (Berry Aff., Ex 2, ¶18 & Ex. 2d).

19. Rizzo kept the plaintiff advised of the investigation and welcomed their cooperation and participation. (Rizzo Aff., Ex.1, ¶14).

20. The plaintiff withheld financial records from the City it was required to provide in order to obtain CDBG funds. (Berry Aff. Ex. 2, ¶¶18, 19 & Ex. 2d at pp. 2-3, ¶¶11 & 12.)

21. The City is authorized by HUD to withhold funds from sub-recipents such as the plaintiff for its failure to provide the City with requested financial records. (Rizzo Aff., Ex. 1, ¶16).

22. In a letter dated January 12, 2003, FHDC admitted to submitting for CDBG reimbursement charges related to an organization known as FLECHAS. (Rizzo Aff., Ex. 1, ¶13 & Ex. 1f; Berry Aff., Ex. 2, ¶ 16 & 2d.

23. When the City conveys real property to individuals or qualified non profit corporations for rehabilitation for creation of affordable housing, it requires the purchaser to enter into a Land Disposition Agreement (LDA). (Rizzo Aff., Ex.1, ¶17).

24. The LDA requires a time schedule for performance of rehabilitation work. FHDC has failed to meet the time schedule for rehabilitation of properties conveyed to them. (Rizzo Aff., Ex.1, ¶¶ 18, 19).

25. After a lengthy and comprehensive investigation, Rizzo recommend that the City no longer fund the plaintiff. The report of the results of this investigation was sent to FHDC by way of memorandum dated February 6, 2003. ((Rizzo Aff., Ex.1g).

26. In his report, Rizzo made the following findings:

   1. FHDC had been an ineffective developer of quality affordable housing.

   2. FHDC had left properties in a blighted condition for long periods of time.

   3. FHDC had worked aggressively to thwart efforts to develop housing in the Fair Haven neighborhood by any other developer.

   4. FHDC had: on one occasion, sold a home to the daughter of its Board President; and on another occasion, acquired a home from another daughter of its Board President to the apparent benefit of that daughter.

   5. FHDC admitted that it had inappropriately expended federal funds to a non-qualifying partner organization.

   6. FHDC had been uncooperative in the City's efforts to determine whether funds had been used appropriately, despite its requirement to do so.

7. FHDC's extremely poor record keeping made the City's efforts to determine the propriety of FHDC's expenditures.

(Rizzo Aff., Ex. 1, ¶¶21, 23 & Ex. 1g).

27.  The decisions to withhold funds and properties from FHDC were based solely upon the findings of the investigation by Rizzo. (Rizzo Aff., Ex.1, ¶¶21, 23).

28.  On March 15, 2004, the Board of Alderman approved the City of New Haven's Annual Consolidated Action Plan Statement of Activities and use of CDBG funds and defunded FHDC of the $95,000.00 awarded for fiscal year 2002-2003. (Smith Aff., Ex 3, ¶9).

        THE DEFENDANT,
        CITY OF NEW HAVEN

        BY:/s/_____
        Audrey C. Kramer
        Assistant Corporation Counsel
        Office of the Corporation Counsel
        165 Church Street
        New Haven, CT 06510
        Telephone No.: (203) 946-7968
        Fax No.: (203) 946-7942
        E-Mail: Akramer@newhavenct.net
        Federal Bar No. CT14520

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing defendant's Local Rule 56(a) 1 Statement was mailed postage prepaid on the 5th day of March 2007, to the following counsel of record and/or pro se parties:

John R. Williams, Esq.
John R. Williams & Associates
51 Elm Street, Suite 409
New Haven, CT 06510

/s/:_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D026\P003\00024272.DOC