UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FAIR HAVEN DEVELOPMENT CORPORATION | : | NO. 3:02CV02130 (AWT) |
|     Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| JOHN DESTEFANO, ET AL. | : | |
|     Defendants | : | APRIL 30, 2007 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants hereby file the following reply memorandum of law to plaintiff's memorandum in opposition to defendants' motion for summary judgment, said memorandum being dated April 9, 2007.

**I.   THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS PLAINTIFF HAS MADE NO REPLY IN REGARD TO ITS DUE PROCESS CLAIMS**

The standard for summary judgment places the burden on the moving party to establish that there are no genuine issues of material fact. Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2004). The defendant has done so with the affidavit of Rizzo attached as Exhibit 1 to its motion for Summary Judgment which sets forth the factual basis that precludes a finding as a matter of law that plaintiff had a property interest in the Community Development Block Grant (hereinafter "CDBG") funds which it claims. Therefore, the defendant has met its burden of establishing that there are no genuine issues of material facts in support of the plaintiff's due process claims.

The burden now falls upon the plaintiff to set forth specific facts indicating that a genuine issue of material fact exists. Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2d Cir. 1999). The plaintiff has not set forth any facts nor has it made any argument in support of its due process claims. In fact, the plaintiff agrees with many of the statements set forth in the defendant's Local Rule 56 including but not limited to the statement that the City is authorized to withhold funds from sub-recipients for their failure to provide the City with requested financial records. (Defendant's Local Rule 56(a) 1 Statement, Paragraph 21).

In the absence of any presentation by the plaintiff of any specific facts or law indicating that a genuine issue of material fact exists as to its due process claims, the defendant is entitled to judgment as a matter of law.

## II.    PLAINTIFF HAS FAILED TO MEET ITS BURDEN AS TO ITS "CLASS OF ONE" EQUAL PROTECTION CLAIM

The plaintiff has failed to meet its burden in its "class of one" equal protection claim that it was treated differently from others who are similarly situated and that there was no rational basis for the difference in treatment. Cobb v. Pozzi. 363 F.3d 89, 110 (2d Cir. 2004).

The defendant through the affidavit of Kevin Berry has asserted that an additional recipient of CDBG funds, West Rock Neighborhood Corporation, was subject to an audit during the same time as Fair Haven Development Corporation. (Berry Aff., EX2 ).  The scope of the analysis, as spelled out in Ex. 2e for West Rock Neighborhood Corporation, was the review of detail transactions, testing of transactions for proper supporting documentation and an analysis of bank statements. The plaintiff chooses to ignore these aspects of the

review of West Rock Neighborhood Corporation and instead focuses on the fact that West Rock's Day Care Center License was revoked. This was just one of the City 's concerns. (Ex. 2e) The same scope of analysis was used for the plaintiff. ( Ex. 2a- 2c)

"A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). (internal quotation marks omitted).

The defendant has set forth uncontroverted evidence that another recipient of CDBG funds was subject to defunding and an audit similar to the plaintiff. The plaintiff has failed to produce any evidence that another similarly situated organization was not subject to audit or defunded based upon the use or misuse of CDBG funds.

Therefore, the defendant is entitled to judgment as a matter of law as to the plaintiff's equal protection claim.

### III. PLAINTIFF HAS FAILED TO MEET ITS BURDEN AS TO ITS CLAIM OF VIOLATION OF ITS FIRST AMENDMENT RIGHTS

Plaintiff in order to defeat defendants' summary judgment motion "must do more than simply show that the that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Instead, the [plaintiff] must produce specific, particularized facts indicating that a genuine factual issue exists." Fox v. Town of East Haven, 2006 WL 287208, *1 (D. Conn., January 6, 2006), citing to Wright v. Coughlin, 132

F.3d 133, 137 (2d Cir.1998).  Plaintiff "may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that 'its version of the events is not wholly fanciful.'"  Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999), quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  "If the evidence produced by the [plaintiff] is merely colorable or is not significantly probative, summary judgment may be granted."  Fox v. Town of East Haven, supra, at page *1, citing to Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

Plaintiff in order to demonstrate that there is an issue of material fact as to its claim of a First Amendment violation has provided the affidavit, dated April 9, 2007, of Raul Avila, who in this affidavit is identified as a member of the plaintiff's advisory board during the pertinent time period and subsequently as a member of its board of directors.  Certain of the statements contained in this affidavit are self serving.  (See especially paragraphs 5 and 6 of the affidavit).  Certain of the relevant paragraphs in this affidavit contain nothing more than conclusory statements, not based on fact, or that are based on hearsay.  For example in paragraph 13 of the affidavit Mr. Avila states:

> "13.  It is my **belief** that based upon the conversations I had with Harvey Edelstein, FHDC Executive Director, that FHDC was intentionally targeted as de-funded by the defendants because of my advocacy for their mission to maximize home ownership in Fair Haven versus apartment development." (Emphasis added).

Or in paragraph 21 where Mr. Avila states:

> "21.  I **believe** that the deendants de-funded the plaintiff's 2002-03 grant because I was outspoken in my public opposition to the Mayor's plan to maximize large block rental housing in

> my ward, and in particular, my opposition to awarding Mutual Housing another parcel for this type of development in Fair Haven." (Emphasis added).

Or the hearsay statements contained in paragraph 9, where Mr. Avila, without indicating how he came upon such information, or whether he was even present when the alleged conversations took place, reports:

> "9. In May, 2002, shortly before the time a final vote would be taken on the disposition of the parcel of land in question, the Executive Director at FHDC, Harvey Edelstein, was approached by defendant Rizzo, and later by defendant Gonzalez, who told him that I needed to end my support for the FHDC proposal for Ferry St. or FHDC might find it difficult to move ahead with other projects."

The plaintiff on its First Amendment claim "may not create a genuine issue of material fact by presenting contradictory or unsupported statements." <u>Ziemba v. Thomas</u>, 390 F.Supp.2d 136, 141 (D.Conn. 2005). "A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit formis insufficient to preclude summary judgment. <u>Fox v. Town of East Haven</u>, supra, at page *1. "An affidavit submitted in opposition to summary judgment 'shall be made on personal knowledge, shall set for such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" (Citations omitted). <u>Ziemba v. Thomas</u>, supra, at page 141. "'Rule 569e)'s requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial.'" (Citation omitted). Id. The affidavit of Mr. Avila in the instant case is self-serving,

conclusory and based on hearsay. As such it is insufficient to create a genuine issue of material fact on plaintiff's alleged First Amendment violation claim.

## IV.   CONCLUSION

For the foregoing reasons, and as set forth in defendants' initial summary judgment filings, the defendants' motion for summary judgment should be granted.

                              THE DEFENDANTS,

                BY: /s/_____
                     Michael A. Wolak, III
                     Assistant Corporation Counsel
                     City of New Haven
                     Office of Corporation Counsel
                     165 Church Street
                     New Haven, CT 06510
                     (203) 946-7970
                     Fax: (203) 946-7942
                     E-mail: mwolak@newhavenct.net
                     Fed. Bar #ct12681
                     Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was delivered electronically and/or mailed, postage prepaid, on April 30, 2007, to the following counsel of record:

Katrena Engstrom, Esq.
John R. Williams, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

                              /s/_____
                              Michael A. Wolak, III